# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceeding |
| TRENT M. DURAN and CHRISTINE M. DURAN, | Case No. 4:17-bk-04461-BMW |
| Debtors. | |
| PACIFIC OFFICE AUTOMATION, INC., | Adv. Case No. 4:17-ap-00523-BMW |
| Plaintiff, | **RULING AND ORDER REGARDING MOTIONS FOR SUMMARY JUDMENT** |
| v. | |
| TRENT M. DURAN and CHRISTINE M. DURAN, | |
| Defendants. | |

This matter came before the Court pursuant to the *Debtors' Motion for Summary Judgment* (the "Motion") (Dkt. 29) and the *Debtors' Separate Statement of Facts* ("Debtors' SOF") (Dkt. 30), filed by Trent M. Duran and Christine M. Duran (collectively, the "Debtors" and/or "Defendants") on September 25, 2018, and the *Response to Debtors' Motion for Summary Judgment and Cross-Motion for Summary Judgment* (the "Cross-Motion") (Dkt. 35) and the *Response to Debtors' Separate Statement of Facts on Their Motion for Summary Judgment and Controverting Statement of Facts on POA's Cross-Motion for Summary Judgment* ("Plaintiff's SOF") (Dkt. 36), filed by Pacific Office Automation, Inc. (the "Plaintiff"

and/or "POA") on November 1, 2018, and all related pleadings thereto.

Oral argument was presented at a hearing conducted on April 18, 2019. Upon consideration of the entire record in this matter, the Court issues the following Ruling and Order.

## I. Facts and Procedural Background

This matter arises from an employment arrangement between Mr. Duran and POA. POA brought an action against the Debtors in the Superior Court of Arizona, Pima County (the "State Court"), alleging that Mr. Duran had breached his contractual employment agreement with POA, breached the implied duty of good faith and fair dealing owed to POA, fraudulently induced POA to enter into the employment relationship, and committed tortious interference with POA's contractual relationships (the "State Court Action").

The State Court Action was tried to a jury. Before the case was submitted to the jury, the Defendants filed a motion pursuant to Rule 50 of the Arizona Rules of Civil Procedure (the "Rule 50 Motion"). The State Court granted such motion as to POA's fraud and punitive damages claims, finding that there was "no legal and sufficient evidentiary evidence for a reasonable jury to find for [POA] on the issue of fraud or punitive damages." The jury ultimately found for POA on its claims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious interference with business relationships. A judgment was entered in which POA was awarded damages against the Debtors in the sum of $193,337.32, together with accruing interest (the "State Court Judgment"). The State Court Judgment did not include any findings of fact. On appeal, the judgment was affirmed by Division Two of the Arizona Court of Appeals (the "Arizona Court of Appeals") and additional fees were awarded to POA.

The Debtors filed their Chapter 13 bankruptcy case on April 25, 2017. POA filed this adversary action on August 7, 2017, asserting that the claims arising from the State Court Judgment are non-dischargeable pursuant to §§ 523(a)(2)(A), (a)(4) and (a)(6) of the Bankruptcy Code.

The Debtors have moved for summary judgment requesting the Court to enter judgment in their favor on all counts on the basis that POA's claims are barred by the doctrine of collateral estoppel because the State Court granted their Rule 50 Motion dismissing POA's fraud and punitive damage claims.

POA responded to the Debtors' Motion asserting that although the Debtors' Rule 50 Motion was granted, the burden of proof that applies to fraud and punitive damages claims under Arizona state law is the clear and convincing evidence standard, which is a higher burden of proof than the preponderance of the evidence standard applicable to claims brought under § 523 of the Code. Thus, POA argues that the doctrine of collateral estoppel does not apply to bar its § 523 claims.

POA argues in its Cross-Motion that although the State Court granted the Debtors' Rule 50 motion with respect to its fraud and punitive damages claims, the State Court Judgment, as affirmed by the Arizona Court of Appeals, with respect to its other state court claims of breach of the implied covenant of good faith and fair dealing, tortious interference with contractual relations, and breach of contract are entitled to collateral estoppel effect and establish the elements of POA's §§ 523(a)(2)(A) and (a)(6) claims.

Both parties submitted statements of fact and controverting statements of fact. POA disputes certain of the Debtors' statements of fact on the basis that evidence produced during the State Court Action contradicts such statements of fact. The Debtors generally object to POA's statements that rely on: (1) the State Court ruling regarding the motion for summary judgment filed by the Debtors in the State Court Action (the "State Court Summary Judgment Ruling"); (2) the State Court ruling on the Debtors' motion for judgment as a matter of law (the "State Court JMOL Ruling"); (3) the answering and opening brief filed by POA in the context of the State Court appeal which cites to the State Court trial transcript (the "Appellate Brief"); and (4) the Arizona Court of Appeals' decision affirming the State Court Judgment (the "Appellate Decision").

The parties have not submitted or stipulated to the use of the State Court trial transcript in lieu of testimony for purposes of these proceedings. The Court will not accept POA's

Appellate Brief or the citations to the State Court record therein as providing this Court with a basis to make independent findings of fact or conclusions of law. For purposes of this ruling, the Court will consider only the State Court Summary Judgment Ruling, State Court JMOL Ruling, the State Court Judgment and the Appellate Decision, as well as the undisputed facts.

**Legal Analysis and Discussion**

A.  **Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), which is incorporated by Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The facts submitted are viewed most favorably to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 656-57, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). At the summary judgment stage, the court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986).

B.  **Doctrine of Collateral Estoppel**

1.  <u>Law</u>

    a.  *Applicability of the Doctrine*

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 155 (2008). "These terms have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as 'merger' and 'bar,' while issue preclusion encompasses the doctrines once known as 'collateral estoppel' and

'direct estoppel.'" *Id.* 553 U.S. at 892 n.5, 128 S. Ct. 2161 n.5.

Generally speaking, "[t]he doctrine of issue preclusion forecloses relitigation of those issues of fact or law that were actually litigated and necessarily decided by a valid and final judgment in a prior action between the parties" and applies to both findings of fact and determinations of law. *In re Duncan*, 713 F.2d 538, 541 (9th Cir. 1983); *In re Hagele*, No. AP 14-02200, 2016 WL 3965899, at *4 (B.A.P. 9th Cir. July 18, 2016).

Under the full faith and credit statute, "a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375, 105 S. Ct. 1327, 1329, 84 L. Ed. 2d 274 (1985). Under Arizona law, issue preclusion is applicable if: (1) "the issue or fact to be litigated was actually litigated in a previous suit[;]" (2) "a final judgment was entered[;]" (3) "the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter[;]" (4) the party against whom the doctrine is to be invoked actually litigated the matter; and (5) the "issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (Ariz. 1986).

"Even when the technical requirements for preclusion based on a former adjudication are met, the court should not apply preclusion principles where there is some overriding consideration of fairness to a litigant, as determined by the particular case's circumstances." *In re Marriage of Gibbs*, 227 Ariz. 403, 407, 258 P.3d 221, 225 (Ariz. Ct. App. 2011) (internal quotations omitted).

In order to determine whether a prior judgment is entitled to preclusive effect for purposes of § 523 of the Code, courts compare the elements of the § 523 claims at issue with the findings of fact and conclusions of law made in the prior proceeding. *See In re Anderson*, No. 14-AP-00927-GBN, 2017 WL 5163443, at *7 (B.A.P. 9th Cir. Nov. 7, 2017) (comparing the elements of § 523(a)(6) with the state court's prior rulings in response to a party's request that it give preclusive effect to a state court's judgment in order to avoid relitigation of its § 523(a)(6) claim).

### b. Differing Burdens of Proof

"As a general rule, issue preclusion . . . 'may be defeated by shifts in the burden of persuasion or by changes in the degree of persuasion required.'" *Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir. 2006) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4422 (2d ed. 2002)); *see also Cameron v. Arizona Bd. of Regents*, No. CV 08-01490-PHX-ROS, 2011 WL 13137863, at *1 (D. Ariz. Apr. 13, 2011) (noting that those seeking to invoke the doctrine of issue preclusion should explain whether Arizona law prevents application of the doctrine when the burden of proof in the prior case was different).

The preponderance of the evidence standard applies in all non-dischargeability proceedings. *In re Branam*, 226 B.R. 45, 52 (B.A.P. 9th Cir. 1998), *aff'd,* 205 F.3d 1350 (9th Cir. 1999). Under Arizona law, the heightened clear and convincing standard applies to fraud and punitive damages claims. *Hopper v. Indus. Comm'n*, 27 Ariz. App. 732, 734, 558 P.2d 927, 929 (Ariz. Ct. App. 1976) ("It is beyond question in this jurisdiction that a claim of fraud must be established by clear and convincing evidence."); *Thompson v. Better-Bilt Aluminum Prod. Co.*, 171 Ariz. 550, 557, 832 P.2d 203, 210 (Ariz. Ct. App. 1992) ("To recover punitive damages, the plaintiff must prove that defendant acted with the requisite evil mind 'by clear and convincing evidence.'").

2. Analysis

The State Court granted the Debtors' Rule 50 motion with respect to POA's fraud and punitive damages claims. However, given that a lower burden of proof applies in dischargeability proceedings brought under the Code, application of the doctrine of issue preclusion is not appropriate on the basis requested by Debtors. Therefore, the Court denies the Debtors' Motion.

POA, on the other hand, may be entitled to summary judgment if the elements of the claims determined in the State Court Action are the same as the elements of POA's §§ 523(a)(2)(A) or (a)(6) claim and/or if the undisputed facts establish the elements of either

claim.[1]

**C.  Exceptions to Discharge**

1.  <u>Law</u>

Exceptions to discharge "should be confined to those plainly expressed . . . ." *Kawaauhau v. Geiger*, 523 U.S. 57, 58, 118 S. Ct. 974, 975, 140 L. Ed. 2d 90 (1998) (quoting *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S. Ct. 287, 289, 59 L. Ed. 717 (1915)).

    *a.  Section 523(a)(2)(A)*

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ."

In order to prevail on a § 523(a)(2)(A) claim, the moving party must generally establish:

    a) The defendant made a misrepresentation or fraudulent omission, or engaged in deceptive conduct;

    b) The defendant knew of the falsity or deceptiveness of his statement or conduct;

    c) The defendant had an intent to deceive;

    d) The plaintiff justifiably relied on the defendant's statement or conduct; and

    e) The damage to the plaintiff was proximately caused by its reliance on the defendant's statement or conduct.

*See In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000).

    *b.  Section 523(a)(6)*

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

"The 'willful' requirement is separate and distinct from the 'malicious' requirement." *In re Bane*, No. ADV.LA 08-1006-BB, 2010 WL 6451886, at *5 (B.A.P. 9th Cir. Jan. 15, 2010). The willful injury requirement must be evaluated using a subjective framework, and "is met

---

[1] Although POA has also asserted a § 523(a)(4) claim, POA has only moved for summary judgment with respect to the §§ 523(a)(2) and (a)(6) claims.

when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001); *see also In re Su*, 290 F.3d 1140, 1145 (9th Cir. 2002). The malicious injury requirement is met where there is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Jercich*, 238 F.3d at 1208-09.

2. Analysis

As the Court of Appeals noted, "POA's claim of breach of the implied covenant of good faith and fair dealing required proof of a contract with [Mr. Duran], an act by Duran that deprived POA of a reasonably expected benefit of that contract, and resulting damages to POA." *Pac. Office Automation, Inc. v. Duran*, No. 2 CA-CV 2016-0052, 2017 WL 629245, at *3 (Ariz. Ct. App. Feb. 15, 2017).

"The tortious interference claim required proof that Duran had intentionally interfered with what he knew were POA's contractual relationships, causing a breach or termination of those relationships and resulting damages[,]" and proof "that the interference was 'improper as to motive or means.'" *Id.*

The breach of contract claim required proof of the existence of a contract between the parties, Duran's breach of that contract, and resulting damages. *See Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (Ariz. 1975).

Section 523(a)(2)(A) requires POA to establish that Mr. Duran acted with an intent to deceive. The State Court did not make any findings of fact or conclusions of law and none of the three state court claims for which the State Court jury found in POA's favor necessitated inquiry into Mr. Duran's intent. There is no intent element of a state law breach of contract claim or a state law breach of implied covenant of good faith and fair dealing claim. Furthermore, in order to establish tortious interference under state law, POA only needed to prove that there was interference by Mr. Duran that was improper as to motive <u>or</u> means. It is not clear which prong the jury relied upon. Interference by an improper means is not the equivalent of interference with an intent to deceive. The Court does not have any additional

findings of fact, conclusions of law, or undisputed facts before it that would allow the Court to find that Mr. Duran acted with an intent to deceive.

Section 523(a)(6) requires a <u>malicious</u> injury. In order to establish the malicious injury requirement, POA must prove, among other things, that Mr. Duran committed a wrongful act without just cause or excuse.

None of the three state court claims for which the State Court jury found in POA's favor necessitated inquiry into why Mr. Duran took the actions he did or whether such actions were taken without just cause or excuse. The Court does not have any findings of fact, conclusions of law, or undisputed facts before it that would allow the Court to find that the Debtor took the actions he did without just cause or excuse.

POA cites the Court to *In re Bane*, No. ADV.LA 08-1006-BB, 2010 WL 6451886 (B.A.P. 9th Cir. Jan. 15, 2010) for the proposition that because the jury found for POA on its intentional interference claim, the elements of § 523(a)(6) are met. However, in *Bane*, the bankruptcy court was asked to give preclusive effect to a district court opinion that included detailed findings of fact and conclusions of law, which included a finding that the debtor caused "willful and malicious injury" to the plaintiff. *Bane*, 2010 WL 6451886, at *1. The Ninth Circuit B.A.P. affirmed the bankruptcy court's grant of summary judgment of the plaintiff's § 523(a)(6) claim given the district court's factual findings and the bankruptcy court's proper grant of preclusive effect with respect to those findings. *See id.* at *6, 8. The *Bane* case is distinguishable from the present case in that in this case, the State Court Judgment contains no findings of fact upon which this Court can rely.

Based upon the record and undisputed facts submitted to this Court, this Court is not able to determine that all of the necessary elements of § 523(a)(2)(A), specifically intent to deceive, and § 523(a)(6), specifically the malicious injury requirement, were considered and determined in the underlying State Court Action. POA has therefore failed to demonstrate that it is entitled to judgment as a matter of law on its § 523(a)(2)(A) or § 523(a)(6) claim.

/ / /

/ / /

## II. Conclusion

Wherefore, based upon the foregoing it is the determination of this Court that neither the Debtors nor the Plaintiff are entitled to judgment as a matter of law, and the Motion and Cross-Motion are therefore denied.

Wherefore, for good cause shown;

IT IS HEREBY ORDERED denying the Motion and the Cross-Motion.

**DATED AND SIGNED ABOVE.**